## L. AHLO, as father of LU NGACK, a minor, *vs.* MUNG HUI.

### EXCEPTIONS OF REFUSAL OF McCULLY, J., TO GRANT A NEW TRIAL.

### JULY TERM, 1886.

### JUDD, C. J. ; McCULLY and PRESTON, JJ.

Defendant, in Ejectment, claimed under a deed alleged to have been burnt; the verdict was for plaintiff; defendant moved for a new trial, claiming that he was taken by surprise by evidence of his witness.

Held, that the refusal to grant a new trial was proper; for, even supposing the witness should testify as expected, the evidence as to the execution of the burnt instrument is very vague; and as, according to the plaintiff's evidence, the instrument was a will, and not proved within five years from death of testator, it would have no effect against the heirs.

Exceptions overruled.

### OPINION OF THE COURT, BY PRESTON, J.

THIS is an action of Ejectment brought to recover one undivided moiety of a piece of land situated in Waipio, Ewa, Island of Oahu.

At the trial before McCully, Judge, and a foreign jury, at the last April Term of the Court, the plaintiff proved title by pur-

chase from one Kalukini (k), a son and one of the heirs-at-law of Nahuina, the patentee of the land.

The defendant claimed title under one Alali, the eldest son of the patentee, who claimed under an alleged unrecorded deed from his father, and which was said to have been burnt.

To prove the contents of the alleged deed, Alali was called and testified, (*inter alia*) "The paper contained the following: 1st, I hereby bequeath to you, Alali, my lands for you to have control over and to care for your younger brothers and to share with them the receipts of the land."

The defendant also called one Kalua, who was said to be one of the witnesses to the said deed, but he denied knowing anything about it, and denied having told the defendant's attorney that he did.

A verdict was rendered for the plaintiff, and the defendant subsequently moved for a new trial on the ground that he was taken by surprise by Kalua's testimony.

The application was supported by an affidavit by Kalua, stating that he had been persuaded to give false testimony and that he saw the intestate execute the instrument, also by an affidavit by Mr. Magoon, defendant's attorney, to the effect that he relied upon Kalua's testimony, and had not, therefore, sought for other testimony, and that if a new trial is granted he will be able to establish the contents of the instrument.

The motion for a new trial was denied and exceptions were duly taken.

### BY THE COURT.

The evidence as to the execution of the alleged burnt instrument is very vague, even supposing the witness Kalua should testify as expected.

The testimony of Alali is presumptive that the instrument was a will, and as it was not proved within five years from the death of the testator, it would have no effect against the heirs.

Upon a review of the whole testimony, and considering that the witness Kalua is very illiterate, being unable to write, we are

79

not disposed to differ from the decision of the presiding Judge, and, therefore, the exceptions are overruled with costs.

*W. R. Castle*, for plaintiff.

*P. Neumann, J. A. Magoon* and *A. Rosa*, for defendant.

Honolulu, July 31, 1886.